UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HILDEBRAND,<br>　　　　Petitioner,<br>　　v.<br>R. BROOMFIELD,<br>　　　　Respondent. | Case No. 20-cv-01113-PJH<br><br>**ORDER DISMISSING PETITION, AND DENYING CERTIFICATE OF APPEALABILITY** |

This is a habeas case filed pro se by a state prisoner. The original petition was dismissed with leave to amend and petitioner has filed an amended petition. As grounds for federal habeas relief petitioner seeks relief regarding the sentencing for his 2006 conviction where he entered into a plea bargain. Court records indicate that petitioner previously filed a petition in this court regarding the same conviction. *See Hildebrand v. Chavez*, Case No. 10-1957 PJH. The earlier filed case was dismissed as untimely in 2012 and an appeal was denied. *Id.*

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found

the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  In the amended petition, petitioner argues that his new claims have merit.  Even if the new claims have merit, petitioner must still obtain permission from the Ninth Circuit.

The petition is **DISMISSED** for the reasons set out above.  Petitioner may refile this case if he receives authorization from the Ninth Circuit.  Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 20, 2020

   /s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge